UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


PUONGPUN SANANIKONE,                    No. 2:07-cv-01434-MCE-EFB

         Plaintiff,

     v.                                 MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,

         Defendant,

     v.

PAUL TA, et al.,

         Counterclaim-
         Defendants.


                         ----oo0oo----


     On December 16, 2008, this Court denied the Government's
first motion for service of Counterclaim Defendant Nguyen Vo by
publication because the Government's supporting affidavit failed
to allege a valid cause of action against the absent party.
Presently before the Court is the Government's Renewed Motion,
which, for the following reasons, is denied.
///

1

**BACKGROUND**

On October 25, 2007, the Government filed the counterclaim underlying the instant Motion.  Through that counterclaim, the Government sought to recover unpaid debts from five Counterclaim Defendants.  Only Mr. Vo remains to be served.

Pursuant to Federal Rule of Civil Procedure 4(m), this Court previously granted the Government a 60-day extension of time in which to serve Mr. Vo.  The Court's decision was based in part on the declaration of a paralegal with the Tax Division of the United States Department of Justice, Brenda Seegars.  According to Ms. Seegars, she had employed a process server in Florida to serve Mr. Vo at his last known address, an endeavor that proved unsuccessful.  Ms. Seegars subsequently learned through Mr. Vo's previous employer that Mr. Vo had moved to California.

Counsel for the Government, Michael Pitman, then attempted to locate Mr. Vo by searching through official records of the Internal Revenue Service, westlaw.com's public record databases, and google.com.  As a result, Mr. Pitman found seventeen physical addresses and one email address potentially belonging to Mr. Vo.  On July 30, 2008, the Government sent letters to each of those addresses, but was again unsuccessful in reaching Mr. Vo.

However, on November 14, 2008, Mr. Pitman received a phone call from a woman claiming to rent one of the properties to which he had sent the July 30 letter.  That woman claimed to be party to a lawsuit involving the Vole Trust and further stated that Mr. Vo had recently appeared in court on behalf of that entity.
///

2

1   Mr. Pitman subsequently contacted the Superior Court of
2   California for the County of Sacramento and learned that the Vole
3   Trust was represented by attorney Thomas M. Hogan.  On
4   November 17, 2008, by searching westlaw.com's public record
5   databases and google.com, Mr. Pitman found three possible
6   physical addresses for the Vole Trust.  He then hired a service
7   company to attempt personal service at all three addresses, which
8   ultimately also proved unsuccessful.
9   Finally, Mr. Pitman contacted Mr. Hogan by mail to inform
10  him of the legal proceedings against Mr. Vo.  On or about
11  December 16, Mr. Hogan contacted Mr. Pitman, but Mr. Hogan was
12  unable to confirm or deny any affiliation between Mr. Vo and the
13  Vole Trust.  Nevertheless, Mr. Hogan offered to check his files
14  and forward any appropriate documents to Mr. Pitman.  Having
15  heard nothing by December 29, Mr. Pitman again called Mr. Hogan's
16  office at which time he discovered Mr. Hogan would be unavailable
17  until January 5, 2009.  Two days later, the Government filed this
18  Renewed Motion Requesting Permission to Serve Mr. Vo by
19  Publication.

20
21                           **STANDARD**
22
23      Under Federal Rule of Civil Procedure 4(e)(1), a proper
24  service of summons can be made by "following state law for
25  serving a summons in an action brought in courts of general
26  jurisdiction in the state where the district court is located or
27  where service is made."
28  ///

3

1   Accordingly, California's statute on service by publication
2   governs whether substituted service is proper in this case.
3   California Code of Civil Procedure § 415.50(a)(1) allows service
4   by publication "if upon affidavit it appears to the satisfaction
5   of the court in which the action is pending that the party to be
6   served cannot with reasonable diligence be served in another
7   manner specified in this article and that ... [a] cause of action
8   exists against the party upon whom service is to be made or he or
9   she is a necessary or proper party to the action."

10      "For the purpose of service by publication, the existence of
11   a cause of action is a jurisdictional fact." Harris v. Cavasso,
12   68 Cal. App. 3d 723, 726 (3d Dist. 1977).  Additionally, a party
13   seeking leave to serve process by publication must establish that
14   "reasonable diligence" has been exercised to serve process in
15   another manner permitted by California law.  Watts v. Crawford,
16   10 Cal. 4th 743, 749 n.5 (1995).  "'The term 'reasonable
17   diligence' ... denotes a thorough, systematic investigation and
18   inquiry conducted in good faith by the party or his agent or
19   attorney.'"  Id. (citations omitted).  "Before allowing a
20   plaintiff to resort to service by publication, the courts
21   necessarily require him to show exhaustive attempts to locate the
22   defendant."  Id. (internal quotations and citations omitted).
23   This requirement exists because "it is generally recognized that
24   service by publication rarely results in actual notice."  Id.
25   (citations omitted).  Accordingly, a plaintiff that fails to take
26   exhaustive measures to locate a party to be served cannot
27   establish reasonable diligence.  Id. (citations omitted).
28   ///

**ANALYSIS**

1.    **The Government Has Established the Existence of a Valid Cause of Action.**

The affidavit in support of the Renewed Motion contains sufficient allegations demonstrating that a valid cause of action exists against Mr. Vo.  Mr. Pitman declared under penalty of perjury that this counterclaim was brought against Mr. Vo pursuant to 26 U.S.C. § 6672, which creates liability for unpaid taxes and assessments.  Mr. Pitman further declared that 26 U.S.C. § 6502(a) authorizes the United States to bring suit to collect these assessments, and that the action is brought at the direction of the Attorney General of the United States, with the authorization and at the request of Treasury Department, pursuant to 26 U.S.C. § 7401.  Based on these allegations, as well as supporting exhibits 3-8, which are Certificates of Assessments and Payments issued by the Department of Treasury against Mr. Vo, the Government satisfied its burden of alleging a valid cause of action exists against the absent Counterclaim Defendant.

2.    **The Government Has Not Established the Requisite Diligence.**

Nevertheless, to prevail on its motion, the Government must also establish that in searching for Mr. Vo it completed a thorough and systematic investigation and inquiry.  <u>Watts</u>, 10 Cal. 4th at 749 n.5.  Despite the Government's efforts to locate Mr. Vo, it failed to meet this burden.

1    In <u>Donel, Inc. v. Badalian</u>, a Hawaiian corporation, Donel,

2   similarly failed to establish reasonable diligence justifying

3   service by publication.[1]  87 Cal. App. 3d 327 (2d Dist. 1978).

4   In that case, Donel's only act of diligence in searching for a

5   missing defendant involved a single search of telephone

6   directories.  <u>Id</u>. at 333.  That court stated, "Certainly such a

7   search is one reasonable step to be taken but it does not exhaust

8   the myriad of other avenues, such as city directories and tax

9   rolls, to name two, for locating persons."  <u>Id</u>.

10    The court further criticized Donel for failing to take "the

11   one step which patently appeared to hold the most promise for

12   locating [the defendant]–an inquiry addressed to [the defendant's

13   attorney]."  <u>Id</u>.  Donel had previously corresponded with the

14   defendant's attorney about the contract dispute between the

15   parties.  Consequently, the court opined that the plaintiff

16   should have again contacted that attorney in an attempt to locate

17   the defendant.  Having failed to make such contact, the court

18   concluded that the plaintiff failed to establish reasonable

19   diligence.  <u>Id</u>. at 334.

20    Later California courts have similarly treated the failure

21   to exhaust available avenues of inquiry as fatal to an

22   application such as the one presently before this Court.

23

24    [1] Though the <u>Donel</u> court relied on a Hawaii statute, the
    court compared Hawaii law to that of California and clarified
25   that "[a]s required by notions of fair play and justice embodied
    in the concept of due process of law, both statutes require an
26   exercise of reasonable diligence to locate a person in order to
    give him notice before resorting to the fictional notice afforded
27   by publication."  <u>Id</u>. at 332.  Indeed, California courts have
    since cited <u>Donel</u> in cases directly involving application of §
28   415.50.  <u>See</u>, <u>e.g.</u>, <u>Watts</u>, 10 Cal. 4th at 749 (1995) (summarizing
    the standard for service by publication under § 415.50).

6

For example, in <u>Kott v. Superior Court</u>, despite newly uncovered information indicating the defendant might reside in Canada, the plaintiff failed to make any attempt, including any inquiry of the defendant's counsel, to ascertain the defendant's new address. 45 Cal. App. 4th 1126, 1138 (2d Dist. 1996). Furthermore, the plaintiff neglected to pursue other available avenues of inquiry such as serving interrogatories on co-defendants who had already been served and were properly before that court. <u>Id</u>. at 1139. Accordingly, the court found a lack of reasonable diligence on the part of the plaintiff. <u>Id</u>.

The above instances stand in stark contrast to California cases that approved service by publication. For example, in <u>Vorburg v. Vorburg</u>, the California Supreme Court upheld a default judgment, made possible by service by publication, when the affidavit by plaintiff's counsel showed that counsel had unsuccessfully (1) examined both city directories and separate telephone directories, (2) contacted the local district attorney's office, and (3) spoken with the defendant's previous attorney, according to whom the defendant had left the state without notice of his new whereabouts. 18 Cal. 2d 794, 795-97 (1941).

In keeping with the above precedents, despite the Government's efforts to locate Mr. Vo, this Court cannot in good conscience grant leave to serve by publication here. The Government does generally reference searches conducted through westlaw.com and google.com, which are somewhat indicative of reasonableness. However, those efforts do not alone rise to the requisite level of both thorough and systematic.

Moreover, while the Government's actions are not blatantly insufficient, neither has the Government demonstrated that it exhausted the myriad of other avenues available to locate Mr. Vo. Notably, the Government failed to contact Mr. Vo's known relatives, to inspect available public records, or to adequately follow up with Mr. Hogan.

Additionally, the Government failed to exhaust the most obvious source of information as to Mr. Vo's whereabouts, his co-defendants in the instant Counterclaim.  Indeed, the record is devoid of any attempt to obtain information from co-defendants, and, as such, the Government has failed to convince the Court it properly exhausted available means to find and serve Mr. Vo.

It is of no small import that California law permits service by publication only as a last resort.  Thus, despite the Government's efforts to locate Mr. Vo, the availability of other unexhausted means through which to locate the absent Defendant precludes a finding of reasonable diligence.

///
///
///
///
///
///
///
///
///
///
///

**CONCLUSION**

Accordingly, the Renewed Motion for Permission to Serve Mr. Vo by Publication is DENIED without prejudice.[2]

IT IS SO ORDERED.

Dated: February 25, 2009

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).