1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PUONGPUN SANANIKONE,

11          Plaintiff,                    No. 2:07-cv-01434 MCE KJN

12       v.                              FINDINGS AND RECOMMENDATIONS

13   UNITED STATES OF AMERICA,

14          Defendant.

15   _____

16   UNITED STATES OF AMERICA,

17          Counterclaim Plaintiff,

18       v.

19   PUONGPUN SANANIKONE,

20          Counterclaim Defendant,

21       and

22   PAUL TA; JACOB INTVELD; MICHAEL
     GOODMAN; NGUYEN VO,
23
            Additional Defendants on
24          Counterclaim.

25   _____/

26   ////

1

1    Presently before the court is defendant/counterclaim plaintiff United States of

2  America's ("United States") application for default judgment against counterclaim defendant

3  Paul Ta ("Ta").[1]  (Dkt. Nos. 75, 77.)  Having concluded that oral argument would not assist the

4  court, the undersigned hereby takes under submission the application before the court on the

5  briefs and record on file.  The undersigned has fully considered the briefs and record in this case

6  and, for the reasons stated below, will recommend that the United States's application for default

7  judgment against Ta be denied without prejudice.

8  I.    RELEVANT FACTUAL BACKGROUND

9    Plaintiff Puongpun Sananikone filed a complaint against the United States

10  seeking, generally stated, the refund of taxes that he alleges were illegally assessed and the

11  abatement of a trust fund penalty that he alleges was illegally imposed by the United States

12  pursuant to 26 U.S.C. § 6672.  (Pl.'s Compl. ¶ 3, Dkt. No. 1.)  The United States subsequently

13  filed an answer to plaintiff's complaint and filed counterclaims against plaintiff and four other

14  counterclaim defendants:  Paul Ta; Jacob Intveld; Michael Goodman; and Nguyen Vo

15  (collectively, "counterclaim defendants").  (Answer & Counterclaims of the United States, Dkt.

16  No. 9.)  The United States's counterclaim against Ta seeks "to reduce to judgment certain

17  outstanding tax assessments made against additional counterclaim defendant Paul Ta pursuant to

18  26 U.S.C. § 6672."[2]  (Id. at 10.)  These assessments, and those sought to be enforced against the

19  other counterclaim defendants, relate to certain taxes withheld from the wages paid to employees

20  of American Steel Frame, Inc. ("ASFI"), which the United States contends the counterclaim

21  defendants were responsible for paying, but failed to pay, to the United States on behalf of ASFI.

22    As with the other counterclaim defendants, the counterclaim against Ta sets forth

23

24    [1]  This action proceeds before the undersigned pursuant to Eastern District of California
Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).  This matter was referred to the undersigned by
an order entered February 8, 2010.  (Dkt. No. 74.)

25

26    [2]  The United States's counterclaims are separately alleged against each counterclaim
defendant.

1   a table that includes information related to the type of tax or penalty sought, the associated tax

2   period, the assessment date, and the amount assessed.[3]  (Id.)  There is significant overlap between

3   tax periods and related assessments that form the basis for the United States's counterclaim

4   against Ta and those that form the basis of the counterclaims against the remaining counterclaim

5   defendants.  For example, the United States seeks to reduce to judgment against multiple

6   counterclaim defendants the same assessments of taxes owed by ASFI that were assessed on

7   February 8, 2006, and March 6, 2006, which relate to the tax period of "12-31-2001."  (See id. at

8   5:6-7 (counterclaim against Sananikone), 7:3-4 (counterclaim against Vo), 10:26-27

9   (counterclaim against Ta), and 12:20-21 (counterclaim against Goodman).)  This example is

10   indicative of the overlap inherent in the United States's counterclaims against Ta and the other

11   counterclaim defendants.

12         All of the counterclaim defendants except for Ta have appeared in this action and

13   filed answers to the counterclaim.[4]  (See Dkt. Nos. 13, 21, 22, and 63.)  A declaration of service

14   filed with the court demonstrates that the United States, through a process server, personally

15   served Ta with the summons and complaint on December 18, 2007, at 651 Bering Drive,

16   Apartment 1904, in Houston, Texas.  (Dkt. No. 25, Doc. 25-2.)  Although Ta has not yet

17   appeared in this action, he was deposed on September 25, 2009, in connection with this action.

18   (Pitman Decl. ¶ 5 & Ex. 2, Dkt. No. 75, Doc. 75-3.)

19         On February 25, 2008, the Clerk of this Court entered a certificate of entry of

20   default against Ta.  (Dkt. No. 29.)  In doing so, the Clerk of Court stated that it appeared from the

21   record and papers on file that Ta was duly served with process yet failed to appear, plead, or

22   answer the counterclaim within the time allowed by law.  (See id.)

[3]  As to Ta, the United States seeks relief "in the amount of $479,076.62, plus statutory interest accrued from the dates of assessment, and other statutory additions, as provided by law," as well as "fees and costs."  (Answer & Counterclaims of the United States of America at 11.)

[4]  Counterclaim defendants Intveld and Goodman also filed counterclaims against the United States.  (See Dkt No. 21 at 4-6; Dkt. No. 22 at 2-4.)

3

On May 4, 2010, the United States filed an application for default judgment, which was procedurally deficient. (See Dkt. Nos. 75, 76.)  On June 2, 2010, the United States filed a proper amended notice of its application for default judgment.  (Dkt. No. 77.)  It also filed certificates of service indicating that it served Ta with its amended notice of the application for default judgment and all of the associated moving documents by mail at 651 Bering Drive, Unit 1904, in Houston, Texas.  (Dkt. No. 75, Doc. No. 75-5; Dkt. No. 77, Doc. No. 77-2.)  No response to the application is reflected on the court's docket.

II.    LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing

1    Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair

2    Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded

3    allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not

4    contained in the pleadings, and claims which are legally insufficient, are not established by

5    default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning

6    v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847,

7    854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to

8    admit conclusions of law" (citation and quotation marks omitted).).  A party's default

9    conclusively establishes that party's liability, although it does not establish the amount of

10   damages.  Geddes, 559 F.2d at 560.

11   III.   ANALYSIS

12           In its application for default judgment on its counterclaim against Ta, the United

13   States seeks relief against Ta that, at least in part, overlaps with the relief that the United States

14   seeks against several of the remaining counterclaims defendants.  Additionally, plaintiff's

15   complaint, the United States's counterclaims, and counterclaims against the United States filed

16   by counterclaim defendants Intveld and Goodman all relate to the assessments made by the

17   United States stemming from the alleged non-payment of taxes on behalf of ASFI.  None of

18   those claims has been resolved on the merits or otherwise.  These circumstances raise concerns

19   regarding the grant of default judgment against one of several defendants where claims will

20   proceed against remaining defendants who are similarly situated to the defaulting defendant.

21           With respect to multi-party cases, Federal Rule of Civil Procedure 54(b) provides

22   that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims

23   or parties only if the court expressly determines that there is no just reason for delay."  The Ninth

24   Circuit Court of Appeals has characterized the Supreme Court's holding in Frow v. De La Vega,

25   82 U.S. 552 (1872), a leading case addressing the grant of default judgments in multi-defendant

26   cases, as follows:

1
2
3
4

> The Court held in *Frow* that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants.  It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.

5   Nelson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir. 2001) (internal

6   citations and footnote omitted) (citing Frow, 82 U.S. at 554).[5]  In In re First T.D. & Inv., Inc., the

7   Court of Appeals extended the rule beyond jointly liable parties to parties that are "similarly

8   situated," even if not jointly liable or jointly and severally liable.  See 253 F.3d at 532; accord

9   Wordtech Sys., Inc. v. Integrated Network Solutions, Corp., No. 2:04-cv-01971-MCE-EFB, 2009

10  WL 3246612, at *2 (E.D. Cal. Oct. 6, 2009) (unpublished) ("This rule has been extended in cases

11  even if the defendants are not jointly liable, as long as they are similarly situated.").

12          Here, the undersigned cannot conclude that there is "no just reason for delay" such

13  that entry of default judgment against Ta prior to the adjudication of the counterclaims against

14  the remaining counterclaim defendants is appropriate.  The counterclaim defendants, including

15  Ta, are similarly situated parties in that the United States seeks to reduce to judgment against

16  each counterclaim defendant tax assessments for tax liabilities of the same corporation, ASFI.

17  Indeed, in many instances the United States seeks judgments against multiple counterclaim

18  defendants on identical ASFI tax liabilities.  To the extent that the counterclaims are resolved in

19  the other counterclaim defendants' favor, there is a not insignificant risk of incongruous

20  judgments were the court to determine at this relatively early stage of the proceedings that Ta is

21  liable for ASFI's tax liabilities.

22          The United States's memorandum in support of its application acknowledges that

23  "the general rule that default judgment should not be entered until a matter has been adjudicated

24

---

25          [5]  In Frow, the Court stated that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."  82
26  U.S. at 554.

1   with regard to all similarly situated defendants" might apply here.  (Memo. of P. & A. in Supp. of

2   the United States' Mot. for Default J. Against Counterclaim Def. Paul Ta at 3:11-14 (citing In re

3   First T.D. & Inv., Inc., 253 F.3d at 532-33).)  Nevertheless, the United States requests, without

4   elaboration, that the court "grant the instant motion but reserve entry of final judgment against

5   Mr. Ta until the remaining claims are resolved." (Id. at 3:14-21 (citing Armagost v. United

6   States, No. 4:07CV3240, 2010 WL 829178, at *2 (D. Neb. Mar. 4, 2010) (unpublished)).)  The

7   undersigned declines this request.  In Armagost, the United States moved for entry of default

8   judgment against a party that had failed to participate in the final pretrial conference, and it filed

9   its motion one month before trial.  Although filed in 2007, the present case is still in the pleading

10  stage, and the exigencies apparently at play in Armagost are not present here.  More importantly,

11  the undersigned is not able to deduce from the Armagost decision the precise set of facts,

12  including the nature of the tax liabilities and claims at issue, that drove the district court's

13  decision there.  Without more, the undersigned cannot conclude that the Armagost case is

14  sufficiently analogous to warrant application here.

15          The United States may very well have a valid claim against Ta that is ultimately

16  appropriate for entry of default judgment.  However, given the overlapping nature of the

17  counterclaims as to different counterclaim defendants, and the current stage of the proceedings,

18  the undersigned finds that there is just reason for delay.  Accordingly, the undersigned will

19  recommend the denial of the United States's application for default judgment, but will

20  recommend denial without prejudice to the refiling of the application at a more appropriate time.

21  IV.     CONCLUSION

22          For the reasons stated above, the court HEREBY RECOMMENDS that

23  defendant/counterclaim plaintiff's application for default judgment against counterclaim

24  defendant Paul Ta (Dkt. Nos. 75, 77) be denied without prejudice.

25          These findings and recommendations are submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

7

1   days after being served with these findings and recommendations, any party may file written

2   objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

3   document should be captioned "Objections to Magistrate Judge's Findings and

4   Recommendations."  Any response to the objections shall be filed with the court and served on

5   all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

6   objections within the specified time may waive the right to appeal the District Court's order.

7   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

8   (9th Cir. 1991).

9   DATED:  June 14, 2010

10

11

12                                               KENDALL J. NEWMAN

13                                               UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26