IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PUONGPUN SANANIKONE,

      Plaintiff,                                       No. CIV-S-07-1434 KJM KJN

     vs.

UNITED STATES OF AMERICA,

      Defendant,

     vs.

PAUL TA, *et al.*,                               <u>ORDER</u>

      Counterclaim Defendants.

_____/

      This order confirms a bench order issued on the second day of trial, October 19, 2011.

      Counterclaim defendant Vo and the government reached a stipulated judgment in the amount of $656,141.63 which the court signed on November 5, 2010 (ECF Nos. 110 & 111). Sananikone has asked the court to take judicial notice of this judgment, in part to show the jury that there may be more than one responsible party.

      Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of a fact not subject to reasonable dispute and capable of ready and accurate determination;

1

1 under this rule, a court may take judicial notice of its own records. *MGIC Indemnity Corp. v. Weisman*, 803 F. 2d 500, 504 (9th Cir. 1986); *Stamas v. County of Madera*, 2011 WL 2433633, at *6 (E.D. Cal. June 14, 2011).  Judicial notice of a court document generally does not extend to any disputed facts in the documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001); *United States v. So. Cal. Edison Co*., 300 F.Supp.2d 964, 974 (E.D. Cal. 2004).

The government does not dispute the general proposition that there may be more than one responsible party.  The judgment is not necessary to show this.  Moreover, the taking of judicial notice would place before the jury a document from which it might improperly draw inferences with respect to disputed facts.  Plaintiff may still seek to present evidence with respect to responsible parties other than Mr. Sananikone; ultimately the issue of responsible parties will be addressed by the final jury instructions.

DATED: October 19, 2011.

_____
UNITED STATES DISTRICT JUDGE

2